_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

Judge James L. Robart

**JAN 21 2026**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 25-148 JLR |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| SETH DAQUAN COLES BODY, | |
| Defendant. | |

The United States, through United States Attorney Charles Neil Floyd and Assistant United States Attorney Amanda McDowell of the Western District of Washington and Seth Daquan Coles Body and his attorney Peter Geisness enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B).

1.      **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in the Superseding Information.

2.      **Waiver of Venue.** Defendant, having been advised of the right to have an offense tried in this District in which that offense is alleged to have occurred, agrees to waive that right and consents to the United States Attorney bringing the charges contained in the Superseding Information in the Western District of Washington.

3.      **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Superseding Information.

      a.      Attempted Bank Robbery, as charged in Count 1, in violation of Title 18, United States Code, Sections 2113(a) and 2.

      b.      Bank Robbery, as charged in Count 2, in violation of Title 18, United States Code, Sections 2113(a) and 2.

      c.      Bank Robbery, as charged in Count 3, in violation of Title 18, United States Code, Sections 2113(a) and 2.

      d.      Bank Robbery, as charged in Count 4, in violation of Title 18, United States Code, Sections 2113(a) and 2.

      e.      Attempted Bank Robbery, as charged in Count 5, in violation of Title 18, United States Code, Sections 2113(a) and 2.

      f.      Bank Robbery, as charged in Count 6, in violation of Title 18, United States Code, Sections 2113(a) and 2.

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

4.      **Elements of the Offenses.** The elements of the offenses to which Defendant is pleading guilty are as follows:

Plea Agreement - 2
*United States v. Coles Body,* CR25-148 JLR

a.    The elements of Attempted Bank Robbery as charged in Counts 1 and 5 are as follows:

First, the defendant intended to use force and violence or intimidation to take money that belonged to a financial institution;

Second, the deposits of the financial institution were then insured by the Federal Deposit Insurance Corporation; and

Third, the defendant did something that was a substantial step toward committing the crime.

b.    The elements of Bank Robbery, as charged in Counts 2-4 and Count 6, are as follows:

First, the defendant, through force and violence or intimidation, took money belonging to or in the care, custody, control, management or possession of a financial institution; and

Second, the deposits of the financial institution were then insured by the Federal Deposit Insurance Corporation.

5.    **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.    For the offense of Attempted Bank Robbery and Bank Robbery as charged in Counts 1-6: A maximum term of imprisonment of up to 20 years, a fine of up to $ 250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of 100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 3
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

6.    **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States, or may have consequences with respect to citizenship status if Defendant is a naturalized citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. In some instances, a criminal conviction may be grounds for revocation of naturalized citizenship status. Removal, de-naturalization, and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration or naturalized citizenship status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of

Plea Agreement - 4
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

any consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's removal from the United States or loss of naturalized citizenship.

7. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

a. The right to plead not guilty and to persist in a plea of not guilty;

b. The right to a speedy and public trial before a jury of Defendant's peers;

c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e. The right to confront and cross-examine witnesses against Defendant at trial;

f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h. The right to appeal a finding of guilt or any pretrial rulings.

8. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence

Plea Agreement - 5
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

9. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a. Seth Daquan Coles Body and a coconspirator worked closely together to commit bank robberies across the country.

b. Coles Body and a coconspirator employed a similar modus operandi during the bank robberies they attempted or committed. That is, they would first intentionally disable a bank Automated Teller Machine ("ATM") using

Plea Agreement - 6
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a glue-like substance. They would often disable several different ATM machines in the same geographical area to increase the odds that one of their robberies would be successful. After disabling the ATM, Coles Body and a coconspirator would wait for the ATM technician to arrive to repair the ATM, which often required the technician to open the ATM safe, exposing the cash cassettes. Coles Body and a coconspirator would then rush the ATM technician, sometimes using force and violence, and sometimes using intimidation, in order to obtain the cash cassettes and steal money belonging to the bank.

c.      During the conspiracy, Coles Body and a coconspirator committed the robberies or attempted robberies described in the paragraphs below. For each of the robberies and attempts described below, the ATMs contained cash deposits belonging to banks, all of which were insured by the Federal Deposit Insurance Corporation on the date and time of the robbery or attempted robbery.

d.      On December 23, 2024, Coles Body and a coconspirator used a glue-like substance to intentionally disable a Bank of America ATM located at 17250 140th Avenue SE, Renton, Washington. The same day, Coles Body, and two other coconspirators drove back to the Bank of America ATM in Renton while a technician was repairing it. Coles Body and a coconspirator rushed the ATM technician from behind while the technician was looking inside his repair van, dragged the technician back to the ATM, and brandished a screwdriver while threatening the technician in order to gain access to the ATM safe where the cash cassettes were located. Coles Body and the coconspirators were not able to gain access to the ATM safe and fled the scene in a car to avoid being stopped by law enforcement.

Plea Agreement - 7
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e.    In the early morning hours of December 24, 2024, Coles Body and a coconspirator disabled two additional ATMs with a glue-like substance. One of the disabled ATMs was a Bank of America ATM located at 13411 SE Mill Plain Boulevard, Vancouver, Washington, and the other was a Bank of America ATM located at 2500 W. Main Street, Battle Ground, Washington.

f.    An ATM technician arrived at the Bank of America ATM in Vancouver, Washington a few hours after it was disabled, on December 24, 2024. While the ATM technician was working to repair the ATM, Coles Body and a coconspirator arrived back, rushed the ATM technician and intimidated her into walking away from the open ATM safe, which left the cash cassettes exposed for the taking. Coles Body and a coconspirator stole approximately $383,900 from the Bank of America ATM in Vancouver, Washington.

g.    In the subsequent days, Coles Body and a coconspirator traveled to Phoenix, Arizona where they planned to engage in additional bank robberies using the same modus operandi. Coles Body and a coconspirator disabled two ATMs in the Phoenix-area in the early morning hours of January 3, 2025, again using a glue-like substance. One of the ATMs was a Bank of America ATM located in Surprise, Arizona and the other was a Wells Fargo ATM located in Sun City, Arizona. Coles Body and a coconspirator were ultimately stopped by law enforcement at the Wells Fargo ATM in Sun City as they arrived back to the ATM and as they were intending to rush the technician who was making the repairs. Robbery tools and glue were found in the car with them.

h.    In March of 2025, Coles Body and a coconspirator traveled back to the Washington area to commit robberies. On the night of March 6, 2025,

Plea Agreement - 8
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Coles Body and a coconspirator again used a glue-like substance to disable a Bank of America ATM located at 7450 170 Avenue NE, Redmond, Washington. The next day, an ATM repair technician arrived to make the needed repairs. Coles Body and a coconspirator rushed the ATM technician, intimidating him into walking away from the open ATM, which left the cash cassettes exposed. Coles Body and a coconspirator stole approximately $221,000 from the Redmond Bank of America ATM.

i.      On or about March 10, 2025, Coles Body was stopped at a United States Border Patrol checkpoint in or around Sierra Blanca, Texas. During the stop, law enforcement seized approximately $209,850.00 from Coles Body. The seized currency constituted proceeds from the March 6, 2025, robbery described above.

j.      In May 2025, Coles Body and a coconspirator traveled to the Houston-area to commit additional robberies. On May 28, 2025, Coles Body and a coconspirator disabled a Wells Fargo ATM located at 8201 Broadway St., Houston, Texas. Coles Body and a coconspirator arrived back at the ATM while a repair technician was making the repairs. A coconspirator served as the getaway driver, while Coles Body got out of the car, rushed the technician, wrestled him to the ground, and punched him several times, which caused the repair technician to suffer bodily injury. Coles Body and a coconspirator stole approximately $117,000 from the Houston Wells Fargo ATM, before fleeing the scene and abandoning the getaway car in a nearby residential neighborhood.

k.      In June 2025, Coles Body and a coconspirator traveled to Oregon to commit additional robberies. Coles Body and a coconspirator disabled different ATMs in Tigard and Hillsboro, Oregon. One of the ATMs that Coles Body and a coconspirator disabled with glue was a Bank of America

Plea Agreement - 9
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ATM located at 10101 SW Washington Square Rd., Tigard, Oregon on June 11, 2025. While canvasing the area around the disabled ATM, Coles Body and a coconspirator committed a strong-arm robbery of another individual who had just made an ATM withdrawal at a nearby bank.

l.      After leaving Oregon, Coles Body and a coconspirator traveled to Maine to commit additional robberies. On June 30, 2025, Coles Body and a coconspirator used glue to disable a Bank of America ATM located at 425 Philbrook Ave., South Portland, Maine. While the ATM technician was making repairs, Coles Body and two coconspirators rushed the ATM technician, threatened him, and beat him—causing the technician to suffer bodily injury. Coles Body and the coconspirators stole $150,000 from the Bank of America ATM in South Portland, Maine.

m.      Coles Body and the coconspirators then fled the area and drove across the country to Jackson, Mississippi before being arrested by law enforcement. The following stolen firearms and associated ammunition were found in the vehicle being driven by one of the coconspirators in Jackson, Mississippi: (a) one Glock 43X, 9mm, S/N: CAZG288 with an extended red plastic magazine; one Palmetto State Arms multi-caliber rifle, S/N: DCSF638710; (b) one magazine and 28 rounds of .223 caliber cartridges; and (c one Century Arms Micro-Draco pistol, S/N: ROA 23 PMD-49431, one magazine and four rounds of 7.62X39 cartridges. Law enforcement also seized approximately $43,036.52 in United States currency from Coles Body and the coconspirators. The seized currency constituted proceeds of the June 30, 2025, bank robbery described above.

n.      In all, Coles Body and the coconspirators jointly obtained approximately $871,900.00 in proceeds from their commission of the bank robberies described above.

Plea Agreement - 10
*United States v. Coles Body,* CR25-148 JLR

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

**11.    Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.    For the December 23, 2024, attempted robbery of Bank of America in Renton, Washington: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because the object of the offense was the taking of property from a financial institution, and a 3-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(E) because a dangerous weapon was brandished or possessed, for a total offense level of 25.

b.    For the December 24, 2024, robbery of Bank of America in Vancouver, Washington: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because the property of a financial institution was taken, and a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(7) because the loss to the financial institution exceeded $95,000 but was less than $500,000, for a total offense level of 24.

c.    For the March 7, 2025, robbery of Bank of America in Redmond, Washington: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because property of a financial institution was taken, and a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(7) because the loss to the financial institution exceeded $95,000 but was less than $500,000, for a total offense level of 24.

d.    For the May 28, 2025, robbery of Wells Fargo in Houston, Texas: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant

Plea Agreement - 11
*United States v. Coles Body*, CR25-148 JLR

to U.S.S.G. § 2B3.1(b)(1) because property of a financial institution was taken, with another 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(3)(A) because the victim sustained bodily injury, and another 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(7) because the loss to the financial institution exceeded $95,000 but was less than $500,000, for a total offense level of 26.

e.    For the June 11, 2025, attempted robbery of Bank of America in Tigard, Oregon: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because the object of the offense was the taking of property of a financial institution, for a total offense level of 22.

f.    For the June 30, 2025, robbery of Bank of America in South Portland, Maine: a base offense level of 20 pursuant to U.S.S.G. § 2B3.1(a), with a 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(1) because property of a financial institution was taken, with another 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(3)(A) because the victim sustained bodily injury, and another 2-level increase pursuant to U.S.S.G. § 2B3.1(b)(7) because the loss to the financial institution exceeded $95,000 but was less than $500,000, for a total offense level of 26.

g.    Pursuant to the grouping rules under U.S.S.G. 3D1.1 through 3D1.4, a 5-level increase, for a total offense level of 31.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

**12.    Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three

Plea Agreement - 12
*United States v. Coles Body,* CR25-148 JLR

levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

13. **Agreement on Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is 121 months or the high-end of the Sentencing Guidelines range as calculated by the Court at the time of sentencing (whichever is greater). Defendant agrees to recommend a term of imprisonment within the Guideline Range. Defendant understands that these recommendations are not binding on the Court, and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

14. **Understanding Regarding Cases in Other Districts.** As further part of the consideration for Defendant's guilty pleas, the parties understand that, if Defendant enters the guilty pleas in this case and fulfills all of the promises made in this Plea Agreement, and is sentenced in this case, the District of Arizona agrees not to file any charges against the Defendant related to the attempted robberies of Bank of America and Wells Fargo on January 3, 2025; the Southern District of Texas agrees not to file any charges related to the robbery of Wells Fargo on May 28, 2025; the Washington County District Attorney's Office agrees not to file any charges related to the attempted robbery of Wells Fargo on June 11, 2025 and the strong arm robbery on June 13, 2025; the Cumberland County District Attorney's Office agrees to dismiss the pending charges

Plea Agreement - 13
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

related to the robbery of Bank of America on June 30, 2025; and the Hinds County District Attorney's Office agrees to dismiss the pending charges against Defendant.

**15.   Restitution.**

Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas including losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts. The losses will include, but not be limited to, the money stolen from the banks as described in the Stipulated Statement of Facts, money spent to repair property damage caused by the Defendant's disabling of the bank ATMs as described in the Stipulated Statement of Facts, and reimbursement for necessary medical care related to the victims who suffered bodily injury as described in the Stipulated Statement of Facts. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

a.      The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

Plea Agreement - 14
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.      Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c.      The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

Plea Agreement - 15
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**16.    Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case.

Defendant agrees to forfeit to the United States immediately, Defendant's right, title, and interest in any and all property that constitutes or is traceable to proceeds of his commission of *Attempted Bank Robbery*, as charged in Counts 1 and 5, and *Bank Robbery*, as charged in Counts 2–4, and 6. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461, and includes, but is not limited to:

    a.    a sum of money, also known as a forfeiture money judgment, in the amount of $871,900.00, reflecting the proceeds Defendants jointly obtained as a result of the offense;

    b.    approximately $209,850.00 in United States currency seized on or about March 10, 2025, from SETH DAQUAN COLES BODY;

    c.    approximately $23,130.00 in United States currency seized on or about July 1, 2025, from A.H.;

    d.    approximately $9,104.00 in United States currency seized on or about July 1, 2025, from SETH DAQUAN COLES BODY;

    e.    approximately $6,865.52 in United States currency seized on or about July 1, 2025, from D.M.H.; and

    a.    approximately $3,937.00 in United States currency seized on or about July 1, 2025, from L.W.

Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. Defendant further understands and acknowledges to request restoration, the United States Attorney's Office (the "USAO") must send a request to the Money Laundering, Narcotics, and Forfeiture Section ("MNF") of the Department of Justice, that includes the representations outlined in the Asset Forfeiture Policy Manual (2025), Chapter 14, Sec. II.B. and 28 C.F.R. Part

Plea Agreement - 16
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.8, which are summarized as follows: (i) all known victims have been properly notified of the restitution proceedings and are properly accounted for in the restitution order; (ii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, the losses described in the restitution order have been verified, comport with the remission requirements, and reflect all sources of compensation received by the victims, including returns on investments, interest payments, insurance proceeds, refunds, settlement payments, lawsuit awards, and any other sources of compensation for their losses; (iii) to the best of the USAO's knowledge and belief after consultation with the seizing agency, reasonable efforts to locate additional assets establish that the victims do not have recourse reasonably available to obtain compensation for their losses from other assets, including those owned or controlled by the defendant(s); and (iv) there is no evidence to suggest that any of the victims knowingly contributed to, participated in, benefitted from, or acted in a willfully blind manner, toward the commission of the offenses underlying the forfeiture or a related offense. The USAO agrees that if it can make these required representations, then the USAO will submit a restoration request to MNF, seeking approval for any assets forfeited to be restored to the victims in this case, which may, in turn, satisfy in full or part any restitution order. Defendant further understands and acknowledges that the Attorney General, or his/her designee, has the sole discretion to approve or deny the restoration request.

The United States agrees that any specific property forfeited to the United States will be credit against any forfeiture money judgment imposed against Defendant. The United States further agrees that any amounts Defendant pays toward restitution will be credited against the forfeiture money judgment.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located

Plea Agreement - 17
*United States v. Coles Body*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated. Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if said assets constitute or are derived from proceeds of the offenses charged in Counts 1–6.

17.    **Abandonment of Firearms, Ammunition, and Contraband.** Defendant also agrees that, if any law enforcement agency seized any firearms, ammunition, or illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that property and contraband. Defendant specifically abandons any interest in, and consents to the administrative disposition, official use, and/or destruction of, the following firearms and associated ammunition seized on or about July 1, 2025:

a.    one Glock 43X, 9mm, S/N: CAZG288 with an extended red plastic magazine; one Palmetto State Arms multi-caliber rifle, S/N: DCSF638710;

b.    one magazine and 28 rounds of .223 caliber cartridges; and

c.    one Century Arms Micro-Draco pistol, S/N: ROA 23 PMD-49431, one magazine and four rounds of 7.62X39 cartridges.

18.    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in

Plea Agreement - 18
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

**19.    Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or

Plea Agreement - 19
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

20. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is no higher than 121 months or the high-end of the Sentencing Guidelines range (whichever is greater), the Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

Plea Agreement - 20
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

**21.    Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

**22.    Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

**23.    Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

//
//
//
//

Plea Agreement - 21
*United States v. Coles Body,* CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 21st day of January, 2026.

SETH DAQUAN COLES BODY
Defendant

PETER GEISNESS
Attorney for Defendant

TODD GREENBERG
Assistant United States Attorney

AMANDA MCDOWELL
Assistant United States Attorney

Plea Agreement - 22
*United States v. Coles Body,* CR25-148 JLR