The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>AHMON RASHARD HOGG, JR.,<br><br>Defendant. | NO. CR25-148 JLR<br><br>UNITED STATES SENTENCING MEMORANDUM |

Ahmon Rashard Hogg and Seth Coles Body acted in lockstep while committing a cross-country violent bank robbery spree. They stole hundreds of thousands of dollars over the course of multiple robberies before they were finally stopped by law enforcement in Mississippi with firearms in their vehicle. During just eight months, Hogg and Coles Body committed robberies or attempted robberies in Washington, Arizona, Texas, Oregon, and Maine. They used violence and intimidation against ordinary, hard-working citizens, and their conduct intensified over time. The government respectfully requests that the Court impose a custodial sentence of 120 months, followed by a three-year term of supervised release, and order that restitution be paid to the victims in this case.

United States' Sentencing Memorandum - 1
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# I.    BACKGROUND

## A.    Offense Conduct

Over several months, Ahmon Hogg and his co-defendant Seth Coles Body engaged in a cross-country bank robbery spree. They operated as an equal partnership. They traveled from state-to-state together targeting bank-owned automated teller machines (ATMs) and using violence and intimidation to steal hundreds of thousands of dollars. PSR ¶ 12. Hogg and Coles Body had a typical *modus operandi*. They would intentionally disable an ATM, wait for the repair technician to arrive and open the ATM, and then they would assault or intimidate the technician to move away from the ATM, allowing them to grab the exposed cassettes full of cash. PSR ¶ 13. Hogg and Coles Body concealed their identity using gloves, masks, and hoodies, and drove cars with stolen or fictitious license plates. *Id.*

Hogg's conduct escalated over time, both in scope and in violence. On December 23, 2024, Hogg, Coles Body and another conspirator attempted to rob a bank in Renton, Washington by ambushing an ATM repair technician, dragging him to his knees, and threatening him with a brandished screwdriver. PSR ¶ 14. The next day, the same group robbed a bank in Vancouver, Washington, stealing nearly $400,000 by rushing and intimidating another ATM repair technician. PSR ¶ 15. Hogg and Coles Body had also disabled another ATM in Battleground, Washington, but were able to complete the Vancouver bank robbery first. Dkt. 48 at ¶ 10(e) (Plea Agreement Statement of Facts).

Hogg and Coles Body then traveled to the Phoenix-area to continue their robbery spree, disabling at least two ATMs before being stopped by law enforcement when returning to one of the banks to complete the robbery. PSR ¶ 16. When stopped, they had robbery tools and glue in the car with them and were situated in a manner to commit a fast ambush of a repair technician consistent with their typical methods. PSR ¶¶ 16-18.

Both Hogg's and Coles Body's phones were seized by Phoenix law enforcement and searched pursuant to a federal warrant. PSR ¶ 20. Law enforcement found pictures of

United States' Sentencing Memorandum - 2
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the two of them celebrating together with cash right after the successful Washington robbery. PSR ¶¶ 20-21.





Hogg was not deterred by his law enforcement encounter in Phoenix. He next traveled back to Washington with Coles Body and committed a robbery of a bank in Redmond, Washington on March 6, 2025, stealing over $200,000 by once again rushing and intimidating a repair technician who was fixing the ATM they had disabled. PSR ¶ 22. Coles Body was searched a few days later at a Border Patrol checkpoint and most of the Redmond bank robbery proceeds were found on his person and seized by law enforcement. PSR ¶ 23.

United States' Sentencing Memorandum - 3
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

When back in their hometown of Houston, Hogg and Coles Body committed another ATM-bank robbery there on May 28, 2025, successfully stealing over $100,000. PSR ¶ 24. Hogg operated as the getaway driver and Coles Body wrestled and punched a repair technician several times. *Id.* The assault was captured on film, and the footage is publicly available for viewing.[1] Hogg and Coles Body abandoned their getaway car in a nearby residential street and escaped law enforcement by running away on foot, as captured on video.

A few days after this Houston robbery, Hogg and Coles Body traveled to Oregon to continue their robbery spree. They disabled several ATMs in the area, including an ATM-bank in Tigard, Oregon on June 11, 2025. PSR ¶ 25. While canvasing the area, they assaulted and robbed an individual they observed making a cash-ATM withdrawal at a bank. *Id.*

Finally, Hogg and Coles Body traveled all the way to Portland, Maine. PSR ¶ 26. There, on June 30, 2025, they committed another violent robbery of a bank-ATM, stealing nearly $60,000 by assaulting the repair technician and threatening him with mace. *Id*. The repair technician was beaten so badly during the robbery that he almost lost consciousness. *Id*.

Following this robbery, Hogg, Coles Body, and their accomplices began driving across the country, making their way down to Jackson, Mississippi. PSR ¶ 27. They were arrested in Jackson, Mississippi and several firearms were found in their vehicle, along with robbery proceeds. *Id.*

**B.    Procedural History**

On July 2, 2025, Hogg was charged by complaint with conspiracy to commit robbery in the Western District of Washington. Dkt. 1. Hogg was extradited to this

---

[1] https://www.khou.com/article/news/local/robbery-suspect-forgets-bond-paperwork/285-1c7b0a5f-5415-41e2-a4a1-f0511028484b

United States' Sentencing Memorandum - 4
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

district several days later, after his arrest in Mississippi. On July 23, 2025, Hogg and Coles Body were charged by indictment with conspiracy to commit bank robbery and bank robbery. Dkt. 15.

On February 3, 2026, Hogg was charged in the operative Superseding Information with two counts of attempted bank robbery and four counts of bank robbery. Dkt. 43. Hogg pled guilty to all counts the same day. Hogg's guilty plea covers the following robberies and relevant conduct (Dkt. 48, ¶ 10):

- December 23, 2024, attempted bank robbery in Renton, Washington (Count 1)
- December 24, 2024, bank robbery in Vancouver, Washington (Count 2)
- December 24, 2024, ATM tampering in Battle Ground, Washington (relevant conduct)
- January 3, 2025, ATM tampering in Phoenix, Washington (relevant conduct)
- March 7, 2025, bank robbery in Redmond, Washington (Count 3)
- May 28, 2025, bank robbery in Houston, Texas (Count 4)
- June 11, 2025, attempted bank robbery in Tigard, Oregon (Count 5)
- June 2025, ATM tampering in Hillsboro, Oregon and strong-arm robbery (relevant conduct)
- June 30, 2025, bank robbery in South Portland, Maine (Count 6)

As to the out-of-district-robberies included in this case, Hogg waived venue during his initial appearance and plea hearing. Dkt. 45. Because several jurisdictions across the country had open cases against Hogg, the plea agreement in this case documents the global agreement across several jurisdictions, which includes agreements to dismiss or forego charges from the District of Arizona, the Southern District of Texas, Washington County (Oregon) District Attorney's Office, Cumberland County (Maine) District Attorney's Office, and Hinds County (Mississippi) District Attorney's Office. Dkt. 48, ¶ 14.

United States' Sentencing Memorandum - 5
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In the parties' plea agreement, the government agreed to recommend a sentence of up to121 months, and Hogg agreed to recommend a sentence within the guideline range. Dkt. 48, ¶ 13. Hogg waived his appellate rights for any sentence imposed up to 121 months. Dkt. 48, ¶ 20. Hogg's sentencing is scheduled for April 28, 2026, at 9:00 a.m. Hogg's co-defendant, Coles Body, was previously sentenced to 120 months' imprisonment on April 14, 2026.

## II.    GUIDELINES CALCULATION AND RESPONSE TO PSR OBJECTIONS

There is no dispute as to the appropriate guideline range in this case, which is 87 to 108 months. PSR ¶ 134.

## III.    GOVERNMENT'S SENTENCING RECOMMENDATION

The United States respectfully recommends a custodial sentence of 120 months, followed by a three-year term of supervised release. The government's recommended sentence is appropriate in light of "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to protect the public from further crimes of the defendant," and to "avoid unwarranted sentence disparities" among similarly situated defendants. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C). A review of pertinent Section 3553(a) sentencing factors, below, supports the recommended sentence.

## A.    Nature and Circumstances, and Seriousness of the Offense

Several aggravating factors make this offense particularly serious. First, is the underlying nature of these hands-on, violent robberies. Hogg targeted ordinary, hardworking citizens who were simply doing their job, and who now must live with the fear and trauma that comes from being ambushed and beaten in their workplace. Hogg's robberies succeeded because he personally confronted, overpowered, threatened, intimidated, punched, or beat people who had done nothing wrong and were simply reporting to work.

United States' Sentencing Memorandum - 6
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Second, this case is particularly serious because of the repetitive and escalating nature of the robberies. Hogg and Coles Body used more and more violence as time went on. In Houston, a few months before being caught, Coles Body violently punched the technician, while Hogg assisted him by driving the getaway car. In Maine, a few days before being caught, Hogg violently beat the technician and used mace. Hogg and Coles Body committed robberies over-and-over again and seemed to dedicate their livelihood to committing these robberies.

Finally, Hogg's lack of restraint or hesitation during the robbery spree is an aggravating factor. Even after several law enforcement encounters, Hogg never slowed down. He celebrated his robberies by taking selfies and posting on social media. He became less restrained, and more brazen, over time.

The government's recommended sentence appropriately recognizes the seriousness of this case.

**B.      Need to Avoid Unwarranted Sentence Disparities**

The Court should impose the same 120-month sentence on Hogg as it imposed on his co-defendant, Seth Coles Body, to avoid an unwarranted sentencing disparity among equally culpable defendants. Unlike in some criminal ventures, Hogg and Coles Body were truly equal partners. They committed all their robberies together and played an equal role in their crimes. They traveled the country together, celebrated their crimes together, and acted as a unit at every step of the way. While Coles Body's criminal history score is higher, Hogg is also slightly younger than Coles Body and has non-scoring juvenile convictions. Like Coles Body, Hogg already has several adult convictions and frequent law enforcement encounters.

Hogg and Coles Body are similarly situated in all material respects and should receive the same punishment under the law.

United States' Sentencing Memorandum - 7
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## C.      History and Characteristics of the Defendant

Hogg's personal history and characteristics have both aggravating and mitigating aspects. On the one hand, Hogg is a young offender and has faced challenges in his life that may have contributed to his poor decision making. Many of these challenges are discussed in detail in the defense mitigation report. Hogg has also expressed remorse for his actions and has expressed a desire to contribute meaningfully to the world after his time in incarceration.

On the other hand, despite his youth, Hogg already has an extensive criminal history, including adult convictions for theft, unlawful possession of firearms, and he currently has a pending murder charge in Houston, although the government acknowledges that he is presumed innocent and there has not been a conviction on that charge. The PSR also documents frequent law enforcement encounters and arrests, and at least two juvenile convictions. Hogg appeared to have begun living a life of crime at a young age.

The government's recommendation properly accounts for Hogg's unique history and characteristics.

## D.      Need to Promote Respect for the Law, Afford Adequate Deterrence, and Protect the Public

The need for just punishment and adequate deterrence is of particular importance in this case. Hogg has shown a disregard for the laws that keep our community safe, and a 120-month custodial sentence is necessary to ensure he is appropriately deterred from committing future crimes.

General deterrence is equally important. Hogg chose to exploit a vulnerability in the federal banking system and also chose to target well-meaning and hardworking people doing their jobs. The government's recommended sentence will send a strong message to our community that this conduct is unacceptable and will be punished

United States' Sentencing Memorandum - 8
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

appropriately. Of note, there are unidentified co-conspirators in this case, who will presumably be following the Court's sentence closely.

## E.    Need to Provide Just Punishment for the Offense

Finally, a 120-month custodial sentence is a just sentence, especially given the benefits of the global plea deal that Hogg has received. By resolving all of his known robbery cases in one district and in one single case, Hogg has avoided the risk of consecutively imposed sentences across jurisdictions, and an increasing criminal history score with each case. Given these unique facts, a slightly above guideline sentence is appropriate. Hogg also was aware of the possibility that his ultimate sentence might be above his guideline range, given he waived his appellate rights for a sentence of up to 121 months. Dkt. 48, ¶ 20.

The government's recommendation of a custodial sentence of 120-months, while slightly above Hogg's guideline range, is appropriate given these unique facts.

//
//
//
//
//
//
//
//
//
//
//

United States' Sentencing Memorandum - 9
*United States v. Hogg*, CR25-148 JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.    CONCLUSION

For these reasons, the government respectfully requests that the Court impose a custodial sentence of 120 months, followed by a three-year term of supervision. The government also asks the Court order restitution in the amount of $780,594, pursuant to the parties' plea agreement.

DATED this 21st day of April, 2026.

Respectfully submitted,

 s/ Amanda McDowell
AMANDA MCDOWELL
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-5040
Email: Amanda.mcdowell@usdoj.gov

I certify this memorandum contains 2,111 words in compliance with the local rules.

United States' Sentencing Memorandum - 10
*United States v. Hogg*, CR25-148 JLR